**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Douglas W Parker** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Virlene S Parker** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **EASTERN DISTRICT OF PENNSYLVANIA**

Case number **15-14323**
(if known)

■ Check if this is an amended filing

# Official Form 106C
## Schedule C: The Property You Claim as Exempt     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Location: 4013 North 12th Street, Philadelphia PA 19140**<br>Line from *Schedule A/B*: **1.1** | $30,622.00 | ■ $19,590.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(1) |
| **2010 Toyota Camry with 80,000 miles**<br>Line from *Schedule A/B*: **3.1** | $8,600.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| **2007 Saturn 87,996 miles**<br>Line from *Schedule A/B*: **3.2** | $5,150.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| **2007 Toyota Camry with 130,000 miles**<br>Line from *Schedule A/B*: **3.3** | $5,525.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(2) |
| **Household Goods and Furnishing**<br>Line from *Schedule A/B*: **6.1** | $5,000.00 | ■ $5,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 522(d)(3) |

| | | | |
|---|---|---|---|
| Debtor 1 | **Douglas W Parker** | | |
| Debtor 2 | **Virlene S Parker** | Case number (if known) | **15-14323** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **TVs/Cameras/Computers**<br>Line from *Schedule A/B*: **6.2** | $2,300.00 | ■ $2,300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| **Pictures**<br>Line from *Schedule A/B*: **8.1** | $400.00 | ■ $400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| **Wearing Apparel**<br>Line from *Schedule A/B*: **11.1** | $1,500.00 | ■ $1,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(3)** |
| **American Federal Credit Union Checking Account ending with 9520**<br>Line from *Schedule A/B*: **17.1** | $258.00 | ■ $258.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Freedom Federal Credit Union Checking Account ending with 7871**<br>Line from *Schedule A/B*: **17.2** | $10.00 | ■ $10.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **TD Bank Checking Account ending with 7814**<br>Line from *Schedule A/B*: **17.3** | $900.00 | ■ $900.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **National Business Association Credit Union Checking Account ending with 2005**<br>Line from *Schedule A/B*: **17.4** | $3,800.00 | ■ $3,800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **One America 403b Retirement Plan**<br>Line from *Schedule A/B*: **17.5** | $699.51 | ■ $699.51<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |
| **Great American Life Insurance Policy**<br>Line from *Schedule A/B*: **31.1** | $0.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(7)** |
| **Parker vs. CSX Corporation Etal Case No. 15-0902821 - Philadelphia Court of Common Pleas**<br><br>**Gross Settlement Amount: $200,000**<br>**Less Legal fee: $80,000 (40%)(Contingency Fee Agreement)**<br>**Less costs advanced: $30,258.36**<br>**Less subrogation lien/medical lien: $**<br>Line from *Schedule A/B*: **34.1** | $65,359.37 | ■ $65,359.37<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(11)(E)** |

| Debtor 1 | Douglas W Parker | | |
|---|---|---|---|
| Debtor 2 | Virlene S Parker | Case number (if known) | **15-14323** |

| **Brief description of the property and line on** *Schedule A/B* **that lists this property** | **Current value of the portion you own**<br><br>Copy the value from *Schedule A/B* | **Amount of the exemption you claim**<br><br>*Check only one box for each exemption.* | **Specific laws that allow exemption** |
|---|---|---|---|
| **Parker vs. CSX Corporation Etal Case No. 15-0902821 - Philadelphia Court of Common Pleas**<br><br>**Gross Settlement Amount: $200,000 Less Legal fee: $80,000 (40%)(Contingency Fee Agreement) Less costs advanced: $30,258.36 Less subrogation lien/medical lien: $**<br>Line from *Schedule A/B*: **34.1** | $65,359.37 | ■ $22,975.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(11)(D)** |
| **Parker vs. CSX Corporation Etal Case No. 15-0902821 - Philadelphia Court of Common Pleas**<br><br>**Gross Settlement Amount: $200,000 Less Legal fee: $80,000 (40%)(Contingency Fee Agreement) Less costs advanced: $30,258.36 Less subrogation lien/medical lien: $**<br>Line from *Schedule A/B*: **34.1** | $65,359.37 | ■ $9,891.25<br>☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(d)(5)** |

3. **Are you claiming a homestead exemption of more than $155,675?**
   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
      ☐ No
      ☐ Yes