## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE** | : | **CHAPTER 13** |
| **DOUGLAS W. PARKER** | : | |
| **VIRLENE S. PARKER** | : | |
| **DEBTORS** | : | **CASE NO:    15-14323-MDC** |
| _____ | : | |

### REPLY TO TRUSTEE'S UNTIMELY OBJECTIONS
### TO DEBTOR'S EXEMPTIONS

1.    **DENIED.**  The debtor amended his bankruptcy schedules b and c on 12/11/15. The

debtor valued a CSX/Conrail personal injury lawsuit at $50,000 and exempted $22,975 pursuant

to 11 USC § 522(d)(11)(D); and $9,891 pursuant to 11 USC § 522(d)(5). The debtor effectively

exempted $32,866 in 2015 and the trustee failed to object pursuant to Fed. R. Bank. P. 4003(b).[1]

All objections to exemptions must be filed within 30 days after the conclusion of the meeting of

creditors held pursuant to Rule 2003(a), or the filing of any amendment to the exemption list,

unless a motion for an extension of time is filed within that time period and is thereafter granted

by the court.[2]   Pursuant to section 522(l), if no timely and successful objection to the debtor's

exemptions is made, the exemptions listed by the debtor are automatically allowed.[3]  Federal

Rule of Bankruptcy Procedure 4003(b) states that untimely objections cannot be entertained by

the court, whether or not the original exemption was proper.[4]

_____

[1] Fed. R. Bankr. P. 4003(b).

[2] Fed. R. Bankr. P. 4003(b).

[3] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280, 26 C.B.C.2d 487 (1992). *Coie, 36 F.3d 473, 32 C.B.C.2d 575 (5th Cir. 1994)* (even if exemption is without merit, failure of any party to file a timely objection results in allowance of exemption); *In re Green, 31 F.3d 1098, 31 C.B.C.2d 1449 (11th Cir. 1994)* (if no party challenges debtor's valuation of asset claimed as fully exempt, debtor is entitled to exempt the entire asset regardless of what the value ultimately proves to be).

[4] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280, 26 C.B.C.2d 487 (1992).

The significance of the deadline for objecting to a claim of exemption was emphasized by the

Supreme Court in *Taylor v. Freeland and Kronz*.[5]  Affirming a decision of the Court of Appeals

for the Third Circuit[6], the Court held that there was no "bad faith" exception to the deadline for

filing such objections, even when it was alleged that there was no colorable statutory basis for

the exemptions claimed. Thus, although it eventually became clear in the *Taylor* case that the

debtor's interest in an employment discrimination claim was far in excess of the applicable

exemption limits, the failure of any party to file a timely objection to the debtor's scheduling of

the entire claim as exempt meant that the trustee could not later challenge the exemption of the

entire claim.

Noting that deadlines sometimes lead to unwelcome results, the Court reasoned that they

nonetheless must be observed since they prompt parties to act and they promote finality.[7]  The

Court observed that the trustee had notice of the claim's existence and uncertain value, and could

have investigated further or sought an extension of time to object to the exemption.[8]  The

possibility of debtors making groundless exemption claims with impunity was deemed an

insufficient reason to ignore the plain language of the Rule and the statute, especially in view of

other protections against groundless claims.[9]

———————————

[5] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280, 26 C.B.C.2d 487 (1992).

[6] *Taylor v. Freeland and Kronz*, 938 F.2d 420, 25 C.B.C.2d 167 (3d Cir. 1991)

[7] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 644, 112 S. Ct. 1644, 1648, 118 L. Ed. 2d 280, 287, 26 C.B.C.2d 487, 491.

[8] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 644, 112 S. Ct. 1644, 1648, 118 L. Ed. 2d 280, 287, 26 C.B.C.2d 487, 491.

[9] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 644-645, 112 S. Ct. 1644, 1648-1649, 118 L. Ed. 2d 280, 287-288, 26 C.B.C.2d 487, 491-492.

This finalization of the exemptions effectively accepts the debtor's valuation of his or her interest in the property claimed as exempt within the scope and dollar value of the applicable exemption statutes.  In the case at bar, the trustee had notice of the claim's existence and could have investigated further or sought an extension of time to object to the exemption. In light of the *Taylor* holding, the trustee's two year old objection to the debtor's exemptions should be dismissed as untimely.

2.     **ADMITTED** to the extent that the Trustee's 05/11/17 objection to debtor's exemptions is strictly limited to objecting to the debtor's addition of the 11 U.S.C. § 522(d)(11)(E) exemption in the debtor's amended schedules which were filed on 04/12/17. **DENIED** as to all other allegations.

*Rule 4003(b)* protects possible objectors from being prejudiced by a late amendment by giving them 30 days from the date of the amendment to file objections.[10]  However, the new objections may go only to those exemptions affected by the amendment. The propriety of other exemptions previously finalized by the lack of a successful objection may not be reopened.[11]

In 2015, the debtor effectively exempted $32,866 pursuant to 11 USC § 522(d)(5) and 11 USC § 522(d)(11)(D) as the trustee failed to object pursuant to Fed. R. Bank. P. 4003(b).

---

[10] Fed. R. Bankr. P. 4003(b).

[11] *Bernard v. Coyne (In re Bernard), 40 F.3d 1028, 32 C.B.C.2d 508 (9th Cir. 1994)*, cert. denied, *514 U.S. 1065, 115 S. Ct. 1695, 131 L. Ed. 2d 559 (1995)*; *In re Kazi, 985 F.2d 318 (7th Cir. 1993)*; *Grueneich v. Doeling (In re Grueneich), 400 B.R. 680 (B.A.P. 8th Cir. 2009)*; *cf. Seror v. Kahan (In re Kahan), 28 F.3d 79 (9th Cir. 1994)* (trustee could object to amended homestead claim that claimed higher exemption amount); *In re Corbi, 149 B.R. 325 (Bankr. E.D.N.Y. 1993)* (delay of three years in claiming exemption did not show bad faith or prejudice).

In 2017, the debtor discovered that his net recovery under the personal injury lawsuit amounted

to $65,359.37. The debtor amended his exemptions on 04/12/17 to exempt an additional

$32,493.37 pursuant to 11 USC 522(d)(11)(E) as a result of his motorcycle accident.

Before the accident, the debtor's gross income on his 2014 Tax Return was ($99,036).

Subsequent to the accident, the debtor's 2015 Tax Return was ($59,044) due to missing 6 months

of work as a result of the motorcycle accident.  The debtor lost $39,992 in lost wages due to the

motorcycle accident, as he was out of work for over 6 months recovering from this accident.


**3.**    **DENIED**. The trustee's untimely objection to the debtor's 11 USC § 522(d)(11)(D)

exemption should not be entertained by the Court as it is in clear violation of *Federal Rule of*

*Bankruptcy Procedure 4003(b)* and the Supreme Court's holding in *Taylor v. Freeland and*

*Kronz.*[12] *The debtor* effectively exempted $32,866 pursuant to 11 USC § 522(d)(5) and 11 USC §

522(d)(11)(D) in 2015 and the trustee's untimely objection cannot be entertained by the court,

whether or not the original exemption was proper.[13]


**4.**    **DENIED.** The trustee's untimely objection to the debtor's exemptions should not be

entertained by the Court as it is in clear violation of *Federal Rule of Bankruptcy Procedure*

*4003(b)* and the Supreme Court's holding in *Taylor v. Freeland and Kronz.*[14]

---

[12] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280, 26 C.B.C.2d 487 (1992).

[13] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280, 26 C.B.C.2d 487 (1992).

[14] *Taylor v. Freeland and Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280, 26 C.B.C.2d 487 (1992).

**WHEREFORE**, the debtor respectfully requests that this Court dismiss the trustee's

untimely objections in connection with the debtor's amended schedules which were filed on

12/11/15; and enter an Order permitting the debtor to exempt an additional $32,493.37 pursuant

to 11 USC 522(d)(11)(E) in connection with his amended schedules dated 04/12/17.


Respectfully submitted:

DUNNE LAW OFFICES. P.C.

Dated: May 24, 2017                              By: /s/ Stephen M. Dunne
                                                 STEPHEN M. DUNNE. ESQUIRE
                                                 Attorney for Debtor
                                                 1515 Market Street, Suite 1200
                                                 Philadelphia, PA 19102
                                                 (215) 551-7109  Phone
                                                 (215) 525-9721 Fax